IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MADY CHAN,

               Plaintiff,                    No. CIV S-09-2006 GGH P

    vs.

COUNTY OF SACRAMENTO, et al.,

               Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).  On August 6, 2009, plaintiff filed a notice of consent to the jurisdiction of the undersigned.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $74.47 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

1

Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

2

1   that allows the court to draw the reasonable inference that the defendant is liable for the

2   misconduct alleged." Id.

3          In reviewing a complaint under this standard, the court must accept as true the

4   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

5   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

6   and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

7   1843 (1969).

8          Named as defendants are Sacramento County, Sacramento County Sheriff's

9   Department, Sheriff McGinnis, Chaplain Ortiz, U.S. Marshal Amador, and Deputy Marshal

10  Yandell.  Because defendants Amador and Yandell are federal employees, the court finds that

11  plaintiff has brought his claims against them under Bivens v. Six Unknown Named Agents, 403

12  U.S. 388, 396 (1971).

13         Plaintiff seeks money damages and injunctive relief.

14         In his first claim for relief, plaintiff alleges that he was denied his right to due

15  process when defendants Amador, Yandell and Sacramento County declared him to be an escape

16  risk.  Plaintiff alleges that he was not provided advance written notice of the "charges" nor

17  allowed to attend the reclassification hearing.  Plaintiff alleges that as a result of being labeled an

18  escape risk, he suffers housing restrictions, denial of access to programs, privileges, good time

19  credits and early release.

20         Plaintiff has made no allegations demonstrating that defendants Amador and

21  Yandell were involved in the alleged due process violations.  Rather, the allegations suggest that

22  the "reclassification" hearing was conducted by jail officials at the Sacramento County Jail.

23         The Civil Rights Act under which this action was filed provides as follows:

24         Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
25         deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
26         law, suit in equity, or other proper proceeding for redress.

                                              3

1  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

2  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u>

3  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

4  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

5  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

6  omits to perform an act which he is legally required to do that causes the deprivation of which

7  complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

8          Because plaintiff has not adequately linked defendants Amador and Yandell to his

9  claim that he was improperly classified an escape risk, this claim against these defendants is

10  dismissed.

11         In order to establish liability against Sacramento County for his alleged improper

12  reclassification as a flight risk, plaintiff must prove the following elements: (1) a municipal

13  policy, practice, or custom existed, which (2) directly caused a violation of his constitutional

14  rights. <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611

15  (1978). Plaintiff does not claim that he was deprived of his right to due process as a result of a

16  policy enacted by defendant Sacramento County. For that reason, this claim against defendant

17  Sacramento County should be dismissed.

18         In addition, to state a colorable due process claim plaintiff must demonstrate that

19  his reclassification as a flight risk resulted in the imposition of "atypical and significant hardship

20  on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S.

21  472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); <u>see</u> <u>Mitchell v. Dupnik</u>, 75 F.3d 517, 523 (9th

22  Cir.1996) (the Sandin analysis applies to conditions of confinement for pretrial detainees which

23  are not imposed as punishment). Plaintiff alleges that as a result of the reclassification, he

24  suffers housing restrictions, denial of access to programs, privileges, good time credits and an

25  early release. In order for the court to determine whether these conditions constitute "atypical

26  and significant hardships," further information is required. Plaintiff must describe the housing

1    restrictions he suffers, the programs he is being denied access to and the privileges he is being

2    denied.  Plaintiff must also discuss how the reclassification has resulted in him earning fewer

3    credits and being less likely to receive early release.

4          In claim two, plaintiff alleges that he was denied medical care by the jail staff.  In

5    particular, plaintiff alleges that the jail refused to remove a lump on his scalp, provide MRI tests

6    for his neck and shoulder pain and an extra mattress to ease chronic back pain.  The only

7    defendant possibly linked to this claim is defendant Sacramento County.  Plaintiff does not claim

8    that he was deprived of his right to adequate medical as a result of a policy enacted by defendant

9    Sacramento County.  For that reason, these claims against defendant Sacramento County should

10   be dismissed.  See Monell, supra.

11         In claim three, plaintiff alleges that he was denied adequate dental care, in

12   violation of the Kaiser consent decree.  In particular, plaintiff alleges that the decree requires that

13   permanent fillings be provided when, in the opinion of the dentist, such services are necessary.

14   Plaintiff alleges that he lost seven teeth because the dentist did not use permanent fillings.  This

15   allegation states a colorable claim for relief against Sacramento County.

16         In claim four, plaintiff alleges that he was not permitted to practice his religion,

17   Buddhism.  In particular, plaintiff alleges that defendant Chaplain Ortiz denied his request to

18   hold Buddhism study classes in the jail.

19         "Inmates ... retain protections afforded by the First Amendment, including its

20   directive that no law shall prohibit the free exercise of religion."  O'Lone v. Estate of Shabazz,

21   482 U.S. 342, 348, 107 S.Ct. 2400 (1987) (internal quotations and citations omitted). The

22   protections of the Free Exercise Clause are triggered when prison officials substantially burden

23   the practice of an inmate's religion by preventing him from engaging in conduct which he

24   sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th

25   Cir.2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir.1997), overruled in part by Shakur,

26   514 F.3d at 884-85.

Plaintiff does not allege how the denial of his request to conduct Buddhism study classes substantially burdened the practice of his religion.  Plaintiff does not allege, for example, that Buddhism requires that followers engage in study classes.  Accordingly, this claim is dismissed.

In claim five, plaintiff alleges that defendant Sacramento County has failed to comply with the Minimum Standards for Local Detention Facilities set forth in Title 15.  Plaintiff contends that defendant Sacramento County does not have adequate staff in violation of Cal. Code of Regs. tit. 15, § 1027.  The court has reviewed § 1027 and finds that it does not provide for a private cause of action.  Accordingly, this claim is dismissed.

Plaintiff also alleges that defendant Sacramento County has not provided adequate food in violation of Cal. Code of Regs. tit. 15, §§ 1241, 1242.  The court has reviewed these sections and finds that they do not provide for a private cause of action.  Accordingly, this claim is dismissed.

Plaintiff alleges that defendant Sacramento County has not maintained the jail at an acceptable level of cleanliness in violation of Cal. Code Regs. tit. 15, § 1280.  The court has reviewed § 1280 and finds that it does not provide for a private cause of action.  Accordingly, this claim is dismissed.

In claim six, plaintiff alleges that defendant violated various sections of Cal. Code Regs. tit. 24, which sets minimum standards for jails.  However, as far as this court is aware, there is no private right of action under the sections of Title 24 cited by plaintiff.

In claim seven, plaintiff alleges that defendant Sacramento County violated his right to due process by forcing inmates to sleep on the floor due to overcrowding.  Plaintiff does not claim that he, himself, was ever required to sleep on the floor.

To have standing to sue in federal court, a plaintiff must allege " 'such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf."  Warth v. Seldin, 422 U.S.

490, 498-99, 95 S.Ct. 2197 (1975), quoting <u>Baker v. Carr</u>, 369 U.S. 186, 204, 82 S.Ct. 691 (1962). Therefore, "the plaintiff must have suffered an 'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992) (citations, internal quotation marks, and footnote omitted).

Because plaintiff does not allege that he was forced to sleep on the floor, the court finds that he has not alleged sufficient facts demonstrating that he has standing to raise this claim. Accordingly, this claim is dismissed.

Finally, in claim eight plaintiff alleges that defendant Sacramento County breached its contract with the federal government by failing to comply with state and local laws. Plaintiff does not have standing to raise a claim that defendant breached its contract with the federal government.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>See Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

1   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

2   original complaint, each claim and the involvement of each defendant must be sufficiently

3   alleged.

4           On August 3, 2009, plaintiff filed a motion to have this action certified as a class

5   action.  Plaintiff also requests that the court appoint counsel.  No viable complaint exists at this

6   time, nor have any defendants been served.  Plaintiff's motion for class certification is vacated

7   without prejudice to its renewal after service of defendants.

8           The United States Supreme Court has ruled that district courts lack authority to

9   require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist.

10  Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

11  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

12  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In

13  the present case, the court does not find the required exceptional circumstances.  Plaintiff's

14  request for the appointment of counsel will therefore be denied.

15          In accordance with the above, IT IS HEREBY ORDERED that:

16          1.  Plaintiff's request for leave to proceed in forma pauperis (Docket no. 8) is

17  granted.

18          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

19  Plaintiff is assessed an initial partial filing fee of $74.47.  All fees shall be collected and paid in

20  accordance with this court's order to the Sacramento County Sheriff's Department filed

21  concurrently herewith.

22          3.  But for plaintiff's claim alleging inadequate dental care against Sacramento

23  County, the complaint is dismissed for the reasons discussed above, with leave to file an

24  amended complaint within thirty days from the date of service of this order.  Following that time,

25  the court will issue further orders.

26  \\\\\

1          4.  Plaintiff's motion to have this action certified as a class action (docket no. 6) is

2   vacated without prejudice to its renewal at a later time.

3          5.  Plaintiff's motion for appointment of counsel (Docket No. 6) is denied.

4   DATED: August 21, 2009

5

6                                          /s/ Gregory G. Hollows

7                                          _____
                                           GREGORY G. HOLLOWS
                                           UNITED STATES MAGISTRATE JUDGE
8

9   ch2006.b

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26