IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MADY CHAN,

    Plaintiff,                           No. CIV S-09-2006 GGH P

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.                  ORDER

_____/

        Plaintiff is a prisoner proceeding pro se. On July 29, 2009, plaintiff filed a notice consenting to jurisdiction by the undersigned. No defendant parties have yet appeared.

        Named as defendants are federal and county actors. Accordingly, the court finds this action brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors, and pursuant to 42 U.S.C. § 1983, which provides a remedy for violation of civil rights by state and county actors. "Actions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991).

        On August 21, 2006, the court granted plaintiff thirty days to file an amended complaint. On September 4, 2009, plaintiff filed a motion to file an amended complaint and motion for appointment of counsel. On September 8, 2009, plaintiff filed an amended complaint.

1

1  Pursuant to the August 21, 2009, order, plaintiff's motion to amend is granted.  The court will
2  now screen the amended complaint.

3  Named as defendants are Sacramento County, Sacramento County Sheriff's
4  Department, "Doe" Classification Officer, Sacramento County Medical Director, "Doe" doctor,
5  "Doe" dentist, Chaplain Ortiz, United States Marshal Amador, Deputy Marshal Yandell,
6  Sergeant Morsey, and "Doe" Intel. Sergeant.

7  In claim one, plaintiff alleges that defendants Amador and Yandell violated his
8  right to due process by labeling him as an escape risk.  Plaintiff is challenging his *classification*
9  as an escape risk.  Plaintiff has no constitutional right to a particular classification status.
10  Toussaint v. McCarthy, 801 F.2d 1080, 1106-08 (9th Cir. 1986).  Accordingly, this claim is
11  dismissed as legally frivolous.

12  In claim two, plaintiff alleges that on August 16, 2009, defendant Morsey and
13  defendant "Doe" Intel. Sergeant placed him in administrative segregation for eight hours after
14  other inmates attempted to escape from the Sacramento County Jail.  Plaintiff alleges that his
15  placement in administrative segregation, without good cause, violated his right to due process.

16  The court cannot order service of a "Doe" defendant.  Accordingly, the court
17  considers whether plaintiff has stated colorable claims against defendant Morsey.

18  It is unclear whether plaintiff is a pretrial detainee.  Assuming he is, under Sandin
19  v. Conner, 515 U.S. 472 (1995), prison regulations generally will create a federally enforceable
20  liberty interest only where their application to an inmate "inevitably" affects the duration of the
21  inmate's sentence or imposes an "atypical and significant hardship upon the inmate in relation to
22  the ordinary incidents of prison life." Sandin, 515 U.S. at 484, 487. The Sandin analysis applies
23  to conditions of confinement for pretrial detainees which are not imposed as punishment. See
24  Mitchell v. Dupnik, 75 F.3d 517, 523 (9th Cir.1996).

25  Because plaintiff was placed in administrative segregation pursuant to an
26  investigation, rather than as punishment, the Sandin analysis applies to this claim.  Placement in

2

administrative segregation for eight hours so that jail officials may investigate an attempt escape by other inmates does not constitute an atypical and significant hardship in relation to the ordinary incidents of jail life.  Accordingly, this claim has no legal merit.

Plaintiff next alleges that while he was in administrative segregation, his cell was searched.  When he returned to his cell, all of his property had been removed.  Defendant Morsey told plaintiff that his legal papers would be returned to him on August 24, 2009.  When the papers were not returned on that date, on August 25, 2009, plaintiff again requested that they be returned.  On August 26, 2009, plaintiff received 2/3 of his legal paperwork.  Plaintiff goes on to allege that he was provided with access to his remaining legal materials.  However, they were not placed in a sealed container.  For that reason, he cannot determine whether any documents in his 20 boxes of legal materials are missing.

Plaintiff alleges that the temporary deprivation of his legal property violated his right to due process.  Plaintiff also appears to allege that defendants may have confiscated some of his legal property.

Plaintiff's allegations do not state a colorable due process claim.  Rather, they suggest a claim for violation of the right to access the courts.

In order to establish a violation of the right to access to the courts, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result.  Lewis v. Casey, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348.

Plaintiff does not allege that his ability to litigate was impacted as a result of the temporary deprivation of his legal property.  Nor does plaintiff allege that his ability to litigate was harmed as a result of any alleged missing documents.  For these reasons, the court does not find that plaintiff has stated a colorable claim for denial of the right to access the courts.

1    Plaintiff goes on to allege that not all of his personal property was returned to him.
2 Instead, he was told that he was allowed to have two boxes of personal property.  Plaintiff was
3 advised that he would have to send the other four boxes home.  Plaintiff alleges that this
4 restriction on the amount of personal property he is allowed to have in his cell violated his right
5 to due process.
6    The court finds that the two-box limit on the amount of personal property plaintiff
7 may have in his cell does not impose an atypical or significant hardship in relation to the ordinary
8 incidents of jail life.  Sandin, supra; see also Cosco v. Uphoff, 195 F.3d 1221, 1224 (9th Cir.
9 1999)(dismissing due process challenge to new policy limiting amount of property state prisoners
10 could keep in their cells).
11    In claim three, plaintiff alleges that defendants Morsey and "Doe" Intel. Sergeant
12 violated his right to the effective assistance of counsel by tampering with his legal documents.
13 Plaintiff alleges that defendants read his confidential legal documents which were crucial to his
14 defense, although they denied doing so.  Plaintiff alleges that the proper remedy for this violation
15 is the dismissal of his criminal case.  The court does not have the authority to order dismissal of
16 criminal charges in this action.  Because the court cannot order the relief sought in connection
17 with claim three, this claim should be dismissed.
18    In claim four, plaintiff alleges a violation of his Eighth Amendment right to
19 adequate medical care.  While a pre-trial detainee's medical care claims also arise under the due
20 process clause of the Fourteenth Amendment rather than the Eighth Amendment prohibition
21 against cruel and unusual punishment, see Bell v. Wolfish, 441 U.S. 520, 535 n. 16, 99 S.Ct.
22 1861 (1979), a pre-trial detainee's due process rights are "at least as great" as the Eighth
23 Amendment protections available to convicted prisoners.  Maddox v. Los Angeles, 792 F.2d
24 1408, 1414 (9th Cir.1986); see also Lolli v. County of Orange, 351 F.3d 410, 419 n. 6 (9th
25 Cir.2003) (noting, but refusing to consider, question of whether a pretrial detainee's medical care
26 claims, analyzed under the Eighth Amendment's deliberate indifference standards, were entitled

to more protection than those of a convicted prisoner under the cruel and unusual punishments clause). Although it is unclear whether plaintiff is a pretrial detainee, the court will consider his claims regarding inadequate medical care applying the Eighth Amendment standard as it applies to both pretrial detainees and convicted prisoners.

In claim four, plaintiff alleges that he has a lump on his scalp that defendant "Doe" doctor refused to treat. As relief for this claim, plaintiff seeks money damages. As discussed above, the court cannot order service of a "Doe" defendant. For that reason, claim four should be dismissed.

In claim five, plaintiff alleges that he received inadequate dental care. Plaintiff alleges that defendants have a policy of providing only temporary fillings rather than permanent fillings. For that reason, plaintiff alleges that he was required to have seven teeth extracted. As relief, plaintiff seeks injunctive relief and money damages. For the reasons discussed above, the court will apply the Eighth Amendment standard to this claim. Claim five states a colorable claim for relief against defendant Sacramento County.

In claim six, plaintiff alleges that defendant Ortiz violated his First Amendment right of freedom of expression by refusing to allow him to conduct Buddhism study classes. In the August 21, 2009, order dismissing the original complaint with leave to amend, the court advised plaintiff that the protections of the Free Exercise Clause of the First Amendment are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v.Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008).

In the amended complaint, plaintiff alleges that "[i]n Buddhism, engaging in group study is required and encouraged." Amended Complaint, p. 22. Accordingly, the court finds that plaintiff has stated a colorable First Amendment claim against defendant Ortiz.

In claim seven, plaintiff alleges that defendant Ortiz violated his First Amendment rights by refusing to allow a Buddhist group study class, but allowing other religions to have

group study classes. Rather than a First Amendment claim, the court construes these allegations to state an Equal Protection claim. Claim eight alleges that defendant Ortiz violated the Equal Protection Clause by allowing other religious groups to hold group study classes but not the Buddhists. These allegations state a colorable Equal Protection claim against defendant Ortiz. Accordingly, claim seven should be dismissed but the court will order service of claim eight.

The remaining claims in the amended complaint are labeled "class claims." Plaintiff is apparently seeking to file a class action in connection with these claims. Because no class action has been certified, these claims may not be raised at this time. After defendants have responded to the complaint, plaintiff may file a motion for class certification. If that motion is granted, which is unlikely, plaintiff may amend his complaint to include his class claims.

The court has spent considerable time screening the original and amended complaints. Because it does not appear that plaintiff can cure the pleading defects discussed above at this time, the court orders dismissal of the claims found not colorable above and orders service of the claims found colorable, i.e. claim 5 against defendant Sacramento County, claims 6 and 8 against defendant Ortiz.

Plaintiff has requested the appointment of counsel. For the reasons stated in the August 21, 2009, order denying plaintiff's previous motion for appointment of counsel, this motion is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 4, 2009, motion to amend (no. 11) is granted;

2. Plaintiff's September 4, 2009, motion for appointment of counsel (no. 11) is denied;

3. All claims in the amended complaint but for 5, 6 and 8 are dismissed;

4. Service is appropriate for the following defendants: Sacramento County, Ortiz.

5. The Clerk of the Court shall send plaintiff 2 USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed September 8, 2009.

6. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Three copies of the endorsed amended complaint filed September 8, 2009.

7. Plaintiff shall not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: October 30, 2009

                      /s/ Gregory G. Hollows
                      UNITED STATES MAGISTRATE JUDGE

chan2006.am

```
 1
 2
 3
 4
 5
 6
 7
 8                   IN THE UNITED STATES DISTRICT COURT
 9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10   MADY CHAN,
11              Plaintiff,                No. CIV S-09-2006 GGH P
12         vs.
13   COUNTY OF SACRAMENTO, et al.,        NOTICE OF SUBMISSION
14              Defendants.               OF DOCUMENTS
15   _____/
16         Plaintiff hereby submits the following documents in compliance with the court's
17   order filed _____:
18              _____      completed summons form
19              _____      completed USM-285 forms
20              _____      copies of the _____
                                         Complaint/Amended Complaint
21   DATED:
22
23                                              _____
                                                Plaintiff
24
25
26
```