IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MADY CHAN,

    Plaintiff,                    No. CIV S-09-2006 GGH P

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.           <u>ORDER</u>

                              /

        Plaintiff is proceeding pro se with a civil rights action. On July 29, 2009, plaintiff filed a notice of consent to the jurisdiction of the undersigned.

        Pending before the court is plaintiff's November 4, 2009, motion for reconsideration of the October 30, 2009, order addressing plaintiff's amended complaint. In this order, the undersigned ordered service of three claims and dismissed the remaining claims. In the motion for reconsideration, plaintiff argues that the court erred in dismissing several of his claims.

        Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 78-230(k) requires that a party seeking reconsideration of a court's order must brief the "new or different

facts or circumstances ... not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

After reviewing plaintiff's request for reconsideration, the undersigned finds that the October 30, 2009, order was not in error. The orders dismissing those claims found not colorable were correct.

Accordingly, IT IS HEREBY ORDERED that plaintiff's November 4, 2009, motion for reconsideration (no. 15) is denied.

DATED: December 7, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

ch2006.rec