IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MADY CHAN,

    Plaintiff,                  No. CIV S-09-2006 MCE GGH P

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.           <u>ORDER &</u>
                                        <u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff is a prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This action continues on claims involving inadequate dental care and violations of plaintiff's ability to practice his religion by not allowing him to conduct Buddhism study classes.

        Pending before the court is plaintiff's August 5, 2010, motion for a temporary restraining order to remove plaintiff's classification as an escape risk. Doc. 47. Also pending is plaintiff's August 17, 2010, motion for a restraining order seeking: removal of classification as an escape risk, new medical athletic shoes and to prevent their destruction in the future, to prevent future destruction of his religious items and the return of six boxes of legal materials. Doc. 48. For the reasons discusses below the court will construe all the claims as a motion for a protective order, except for plaintiff's claim regarding his religious item.

1

Protective Order

The court construes plaintiff's motion for injunctive relief as a motion for a protective order. Local Rule 302 of the Eastern District of California permits magistrate judges to handle all aspects of a prisoner's case short of jury trial. It has also been interpreted as authorizing magistrate judges to issue orders under § 636(b)(1)(A) for non-dispositive motions or motions not involving injunctive relief. See also United States v. Raddatz, 447 U.S. 667, 673, 100 S. Ct. 2406, 2411 (1980) (magistrate judge may hear any pretrial matter except "dispositive" motions).

Clearly, the request addressed in plaintiff's motion does not seek dispositive relief on the merits of the complaint. The motion is addressed to procedures that the parties must utilize in litigating this case. See United States v. Flaherty, 666 F.2d 566, 586 (1st Cir. 1981): "A pretrial matter within the magistrate's jurisdiction would thus seem to be a matter unconnected to issues litigated at trial and not defined with respect to the time of trial." Neither do the rulings herein involve injunctive relief.

As in nearly all rulings of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), parties are told to do something or not do something. For example, in typical discovery motions, parties are compelled to answer interrogatories, answer a question or produce a document despite a claim of privilege, attend a deposition at a certain time or place, be compelled to undergo a medical examination, pay costs associated with discovery in a cost-shifting sense. No one would think of asserting that such non-dispositive orders are invalid because they command or disallow a certain activity. Therefore, the fact that parties are directed in their activities by a magistrate judge cannot, without more, transform the matter at hand into an "injunctive" relief situation governed by § 636(b)(1)(B). See e.g., Grimes v. City and County of San Francisco, 951 F.2d 236 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day during period for non-compliance with discovery orders); Rockwell Int. Inc. v. Pos-A-Traction Indus., 712 F.2d 1324, 1325 (9th Cir. 1983) (magistrate judge had jurisdiction to order

witnesses to answer questions); United States v. Bogard, 846 F.,2d 563, 567 (9th Cir. 1988) superseded by rule on unrelated matter, Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996) (magistrate judge may deny requests to see jury selection materials); New York v. United States Metals Roofing Co., 771 F.2d 796 (3rd Cir. 1985) (magistrate judge may prevent a party from releasing discovery information to the public; specifically held not to be an injunction beyond the authority of a magistrate judge); Affelt v. Carr, 628 F. Supp. 1097, 1101 (N.D. Oh. 1985) (issuance of gag orders and disqualification of counsel are duties permitted to a magistrate judge.). It is only where the relief sought goes to the merits of plaintiff's actions or to complete stays of an action are orders under § 636(b)(1)((A) precluded. See e.g. Reynaga v. Camisa, 971 F.2d 414 (9th Cir. 1992); compare United States Metals etc., 771 F.2d at 801 (orders which restrain or direct the conduct of the parties are not to be characterized as an appealable injunction beyond the authority of the magistrate judge unless the restraint goes to the merits of the action). In other words, a motion for injunctive relief must relate to the allegations in the complaint. If there is no relation, it is not an injunctive relief situation. A party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994). In other words, plaintiff must seek injunctive relief related to the merits of his underlying claim.

      Moreover, the rule that governs interlocutory injunctions, Fed. R. Civ. P. 65, also indicates that the matters at issue have to be encompassed by the complaint, e.g., provision which allows the hearing on preliminary injunction to be accelerated into a trial on the merits, preserving the right to jury trial if otherwise appropriate, making evidence received at the hearing on preliminary injunction admissible at trial. None of the provisions would make sense if disputes outside the complaint, and on which no trial by definition will be had, could be considered as proceedings for injunctions. In addition, the standards for granting injunctions are much different than the standards applicable to protective orders. Applying established standards

on the need to grant an injunction only in extraordinary circumstances, absence of legal remedy, balance of hardships, irreparable harm, and so forth are foreign to resolution of discovery and other procedural disputes which crop up in the course of a litigation.

In the instant case, plaintiff's requests do not go to the merits of plaintiff's action. Accordingly, this matter may be handled by court order.

Plaintiff is a apparently classified as an escape risk and he alleges that at some point jail staff destroyed his medical athletic shoes and he requests new ones and that they not be destroyed. The fact that plaintiff challenges the conduct of a nonparty and seeks relief on matters outside the complaint weighs against plaintiff's request for a protective order. The court has no jurisdiction to issue an order against individuals or entities that are not parties to the underlying litigation, Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S.Ct. 1562 (1969), absent extraordinary circumstances not present here, see 28 U.S.C. 1651 ("All Writs Act"); Ex parte Fahey, 332 U.S. 258, 259-260, 67 S.Ct. 1558 (1947) ("drastic and extraordinary remedies . . . reserved for really extraordinary causes.")[1]

With regard to his legal materials, plaintiff states that he is allowed to keep two boxes of legal materials in his cell and the other six boxes are stored elsewhere in the jail. Plaintiff concedes that prison officials allow him to exchange boxes when needed. This claim was in plaintiff's original and amended complaint and was dismissed. Plaintiff does not request access to his legal materials for any court case, rather he is concerned that jail staff could be looking through them. This request is meritless as set forth in the court's prior screening orders, and the court has no jurisdiction to issue an order regarding this claim. Plaintiff's requests are denied.

---

[1] Moreover, "the All Writs Act does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists." Malone v. Calderon, 165 F.3d 1234, 1237 (9th Cir.1999). "A writ of mandamus is appropriately issued only when (1) the plaintiff's claim is clear and certain; (2) the defendant official's duty to act is ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir.1994) (internal citations and quotations omitted).

Preliminary Injunction/Temporary Restraining Order

Plaintiff's claim regarding the destruction of his religious item is appropriately brought as a preliminary injunction in this case and the undersigned will treat it as such.

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff states that he made a Buddha altar out of a paper box and after a cell search, the altar was missing and plaintiff believes jail staff destroyed it. Plaintiff seeks an injunction to prevent staff from destroying his religious items in the future. However, plaintiff does not identify any individuals who were responsible for this action. It is not clear how the court can enjoin a party, if no party is named. Moreover, plaintiff has not indicated if this was an authorized or unauthorized taking.

For all these reasons plaintiff's motion for injunctive relief should be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a temporary restraining order construed as protective order (Doc. 47) be denied and all claims in plaintiff's second motion (Doc. 48) be denied, except for his claim regarding the Buddha altar.

IT IS HEREBY RECOMMENDED that plaintiff's claim regarding the Buddha altar contained in his second motion (Doc. 48) be denied.

These findings and recommendations are submitted to the United States District

1 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
2 days after being served with these findings and recommendations, any party may file written
3 objections with the court and serve a copy on all parties. Such a document should be captioned
4 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
5 shall be served and filed within seven days after service of the objections. The parties are
6 advised that failure to file objections within the specified time may waive the right to appeal the
7 District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8 DATED: August 26, 2010

9 /s/ Gregory G. Hollows

10 UNITED STATES MAGISTRATE JUDGE

11 GGH: AB
chan2006.po