IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MADY CHAN,

    Plaintiff,                                        No. CIV S-09-2006 MCE GGH P

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.                              ORDER &amp;
                                                  FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff is a prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion for class certification (Doc. 38), motion for appointment of an expert witness (Doc. 41) and motion for leave to amend (Doc. 43). This action continues on claims involving inadequate dental care and violations of plaintiff's ability to practice his religion by not allowing him to conduct Buddhism study classes. These claims arose at Sacramento County Jail.

Motion for Class Certification

        Plaintiff's motion seeks class certification for approximately 10 different unrelated claims. As stated above, this action is only proceeding on claims involving inadequate dental care and not allowing plaintiff to conduct Buddhism study classes. Several of the claims raised by plaintiff have previously been dismissed from this action.

1

1    The prerequisites to maintenance of a class action are: (1) the class is so numerous
2 that joinder of all members is impracticable, (2) there are common questions of law and fact, (3)
3 the representative party's claims or defenses are typical of the class claims or defenses, and (4)
4 the representative party will fairly and adequately protect the class interests.  See Fed. R. Civ. P.
5 23(a).
6    To the extent plaintiff seeks certification regarding the dental and Buddhism study
7 classes, he has failed to meet the requirements of Fed. R. Civ. P. 23(a).  Plaintiff has not even set
8 forth any information concerning other individuals who received inadequate dental care or
9 desired to participate in Buddhism study classes at Sacramento County Jail.
10    Moreover, a prisoner appearing pro se is not a fit class advocate, and may not act
11 as counsel for other prisoners.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see
12 also C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (pro se litigant
13 may not represent other litigants).  In this case, plaintiff seeks to include class members in a
14 binding court adjudication, and he would necessarily be representing them.
15    Plaintiff's motion should be denied.

16 Motion for Expert Witness
17    Plaintiff moves pursuant to Fed. R. Evid. 706 for an expert witness in dentistry.
18 Federal Rule of Evidence 706 allows the Court to appoint expert witnesses on its own motion or
19 on motion by a party.  Fed. R. Evid. 706; Walker v. American Home Shield Long Term
20 Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).  Rule 706(a) does not authorize the district
21 court to provide a plaintiff with funds for an expert witness or to appoint such a witness on a
22 plaintiff's behalf; rather, it permits the appointment of an expert to aid the court.  At this early
23 stage in the proceedings, the appointment of an expert witness is unnecessary.  Plaintiff's motion
24 for appointment of an expert witness is denied.

25 Motion to Amend
26    Plaintiff filed the original complaint on July 21, 2009.  That complaint was

dismissed with leave to amend and plaintiff filed the operative first amended complaint on September 8, 2009.  On October 30, 2009, the court dismissed several claims and defendants and ordered service on the County of Sacramento and Chaplain Ortiz for claims of inadequate dental care and violations of plaintiff's ability to practice his religion related to not being allowed to conduct Buddhism study classes.  Defendants filed an answer on June 4, 2010.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  However, as in the instant case, once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party.  See Rule 15(a)(2).  Although "[t]he court should freely give leave when justice so requires," under Rule 15(a)(2), and there is presumption in favor of granting leave to amend, such leave need not be granted where such amendment (1) would prejudice the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.  Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003), citing Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Amerisource Bergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006).  This circuit accords the greatest weight to "the consideration of prejudice to the opposing party," the prejudice-showing burden resting on the opposing party.  Eminence Capital, 316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend ." Id.  [emphasis in original].

Plaintiff's second amended complaint raises approximately 20 new federal and state claims and 6 new named defendants along with several John Doe defendants.  Some of the claims include plaintiff's classification status, storage of his legal property, medical care for a lump on his head, the food does not meet dietary guidelines, the food is prepared in unsanitary conditions, he cannot eat with other groups of people, the desk in his cell does not have a seat, there are no toilets in the dayroom and the ventilation system is poor.

The court notes that several of the claims raised by plaintiff in his second amended complaint were previously dismissed in his prior complaints and a motion for reconsideration. Some of the claims have also been raised in plaintiff's motions for temporary restraining orders which were also denied by concurrent order. Thus, many of these claims are clearly futile for the reasons set forth in the court's prior orders. While some of the claims and defendants raised by plaintiff would be suitable to be added to this action, plaintiff's second amended complaint contains far too many claims that are entirely unrelated to this action. The court will consider a future motion to amend if plaintiff only attempts to add claims or defendants that are related to the claims in the instant action.

Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits[.]" Id.

It is clear that it would be futile to add many of the claims in plaintiff's second amended complaint, as they have already been dismissed by the court and granting leave to amend with so many unrelated claims would produce an undue delay in the litigation. The court also notes that it does not appear that plaintiff has followed the proper procedures in order to seek relief for his state law claims. While plaintiff has included a form that demonstrates he filed a claim with the Government Claims Board, there is no indication what claim or claims plaintiff sought compensation for and plaintiff has raised nearly 17 state law claims in his second amended petition. Plaintiff's motion to amend is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of an expert witness (Doc. 41) is denied;

1      2. Plaintiff's motion to amend (Doc. 43) is denied.

2      IT IS HEREBY RECOMMENDED that plaintiff's motion for class certification (Doc. 38) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 26, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: AB
chan2006.ord