IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MADY CHAN,

    Plaintiff,                    No. 2:09-cv-02006 MCE GGH P

    vs.                          <u>ORDER</u>

COUNTY OF SACRAMENTO, et al.,

    Defendants.

_____/

        Plaintiff has filed a request for reconsideration of the magistrate judge's order filed January 20, 2011, partially granting plaintiff's motion to amend the complaint. Pursuant to E.D. Local Rule 303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law." Upon review of the entire file, the court finds that it does not appear that the magistrate judge's ruling was clearly erroneous or contrary to law.

        In the instant action, the magistrate judge partially granted the motion to amend and ordered that the October 1, 2010, second amended complaint (SAC) be the operative complaint in this case containing the original claims regarding dental care and violations of plaintiff's ability to practice his religion. The magistrate judge further ordered that plaintiff's new Buddha statue claim would be included yet no new defendants would be added as plaintiff has failed to identify the actions of the new defendants with sufficient specificity.

1

1       Plaintiff's second amended complaint named two new defendants, Dr. Beach and
2 Captain Maness.  The only allegations against Captain Maness were that he was the facility
3 commander but plaintiff failed to link him to any specific constitutional deprivation, other than in
4 his supervisor role.  With respect to Dr. Beach, plaintiff names him as a defendant and states he
5 was a dentist in the jail.  The only specific allegations against Dr. Beach are that he responded to
6 a grievance and stated that plaintiff's extracted teeth were not caused by temporary fillings.  In
7 the SAC, plaintiff does not describe specific dental care he received from Dr. Beach that violated
8 the Eighth Amendment.  In fact, plaintiff states that over the course of nine years he has been
9 treated by dentists at the jail no less than forty times.  SAC at 4.  There is no indication when Dr.
10 Breach started treating plaintiff or how many times he treated plaintiff.

11       This action was commenced nearly two year ago and plaintiff has filed multiple
12 amended complaints and several temporary restraining order, yet still only provides the most
13 general of claims.  As the magistrate judge ordered, those claims will proceed, but the order is
14 affirmed that no new defendants will be added.

15       Therefore, IT IS HEREBY ORDERED that, upon reconsideration[1], the magistrate
16 judge's order of January 20, 2011, is affirmed and plaintiff's motion (ECF No. 66) is denied.

17     IT IS SO ORDERED.

Dated: March 15, 2011

        MORRISON C. ENGLAND, JR.
        UNITED STATES DISTRICT JUDGE

---

[1] The Court also reviewed Defendants' response to Plaintiff's Motion for a Temporary Restraining Order (ECF No. 70).