IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MADY CHAN,

    Plaintiff,                        No. CIV S-09-2006 MCE GGH P

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.
                                   FINDINGS AND RECOMMENDATIONS

        Plaintiff is a prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This action continues on claims involving inadequate dental care and violations of plaintiff's ability to practice his religion by not allowing him to conduct Buddhism study classes and the confiscation of a handmade Buddha statute.

        Presently pending is plaintiff's motion for a temporary restraining order seeking the use of permanent fillings in his teeth, a location to hold Buddhism study classes, and a policy to permit him to display a handmade Buddha statute. On January 20, 2011, the undersigned ordered that defendant file briefing solely related to the dental claims. Defendant filed a response on March 4, 2011, and plaintiff filed a reply on March 17, 2011.

\\\\\

\\\\\

Preliminary Injunction/Temporary Restraining Order

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Religion Claims

Plaintiff states that he constructed a handmade Buddha that he uses for daily praying, but because the jail has no policy to protect such a display, it will be destroyed if found. Based on these allegations, the jail has not taken any action regarding the statue/altar and plaintiff seeks speculative prospective relief. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." City of Los Angeles v. Lyons, 461 U.S. 95, 101-102, 103 S.Ct. 1660 (1983). Plaintiff's claim is not appropriate in a motion for a temporary restraining order/preliminary injunction and should be denied.

Plaintiff next alleges that jail officials refuse to allow plaintiff to hold Buddhism study classes, while Bible study classes are held in both English and Spanish. Plaintiff alleges that defendant Chaplain Ortiz does not allow Buddhism study materials to be mailed in,[1] and that

---

[1] The court understands from the allegations that these materials relate to holding study classes with others, and are not simply materials relevant to the personal practice of Buddhism.

more money is spent on chaplain programs than Buddhism programs. However, plaintiff does not allege that there are others who want to participate in Buddhism study classes nor has he offered any specific details or information concerning religious materials he requested, that were then denied.

Plaintiff is informed that defendants are not responsible for duplicating every religious benefit provided to other religions so that all religions are treated exactly the same. As the Supreme Court stated in Cruz v. Beto, 405 U.S. 319, 322, n.2, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972):

> We do not suggest . . . that every religious sect or group within a prison-however few in number-must have identical facilities or personnel. A special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of the demand. But reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments without fear of penalty.

Application of the standard set forth in Cruz does not require "strict numerical analysis" or "create a system of ratios or quotas." Thompson v. Commonwealth of Ky., 712 F.2d 1078, 1081 (6th Cir. 1983) (upholding grant of summary judgment on Muslim inmates' request for access to chapel comparable to Christian inmates).

Under the Cruz standard, described above, defendants must provide plaintiff a "reasonable opportunity" to practice his religion in a manner "comparable" to the other inmates.

The Religious Land Use and Institutionalized Persons Act of 2000 provides in part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-
>
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1.

In the instant case, plaintiff has offered no facts that demonstrate his ability to

3

1  practice or exercise his religion was burdened or he has been denied the ability to practice his
2  religion.  The allegations are far too vague to warrant preliminary injunctive relief.  Therefore,
3  this claim should also be denied.

            Dental Claims

5           Plaintiff's claims regarding his dental care are more complicated.  Plaintiff states
6  that the temporary fillings used in his teeth are insufficient and as a result, he has lost many teeth,
7  and therefore requires permanent fillings.  It is undisputed that plaintiff has lost a great many
8  teeth in his time at Sacramento County Jail.  It would appear that the temporary fillings are
9  insufficient, and to the undersigned's understanding, temporary fillings are placed as a precursor
10 to specific, additional treatment.  They are generally not used in lieu of permanent fillings, if
11 permanent fillings are otherwise ultimately warranted.

12          However, defendants' response indicates that plaintiff has been seen many, many
13 times by the dentists while in jail, and arrived at the facility already missing five teeth.  Plaintiff
14 states he has been seen by dentists no less than forty times.  The chief dentist noted that plaintiff
15 does not maintain proper oral hygiene which is what caused his extracted teeth.  It could be that
16 even if plaintiff received the finest permanent fillings, his failure to properly maintain his teeth
17 would still result in extracted teeth.

18          The undersigned is not a dentist and cannot make that determination, though it is
19 generally well known that people should brush only the teeth they wish to keep.  Nevertheless,
20 the undersigned will begin the process of obtaining a dentist to provide a report to the court and
21 then issue findings and recommendations regarding the dental claims.

22          Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a
23 temporary restraining order (preliminary injunction) (Doc. 56) be denied in part, in that the
24 claims regarding the Buddha altar and Buddhism study classes be denied.

25          These findings and recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

4

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 29, 2011

                                           /s/ Gregory G. Hollows
                              UNITED STATES MAGISTRATE JUDGE

GGH: AB
chan2006.tro