IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MADY CHAN,

    Plaintiff,                    No. CIV S-09-2006 MCE GGH P

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants              <u>ORDER</u>

                                 /

          Plaintiff, a prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

          On March 30, 2011, the magistrate judge filed findings and recommendations concerning plaintiff's motion for a temporary restraining order (Doc. 56) which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has timely filed objections to the findings and recommendations, but has attempted to alter and expand his allegations.

**Background**

          The magistrate judge stated in part:

          Plaintiff states that he constructed a handmade Buddha that he uses for daily

1

praying, but because the jail has no policy to protect such a display, it will be destroyed if found.  Based on these allegations, the jail has not taken any action regarding the statue/altar and plaintiff seeks speculative prospective relief. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."  City of Los Angeles v. Lyons, 461 U.S. 95, 101-102, 103 S.Ct. 1660 (1983).  Plaintiff's claim is not appropriate in a motion for a temporary restraining order/preliminary injunction and should be denied.

Plaintiff next alleges that jail officials refuse to allow plaintiff to hold Buddhism study classes, while Bible study classes are held in both English and Spanish.  Plaintiff alleges that defendant Chaplain Ortiz does not allow Buddhism study materials to be mailed in,[1] and that more money is spent on chaplain programs than Buddhism programs.  However, plaintiff does not allege that there are others who want to participate in Buddhism study classes nor has he offered any specific details or information concerning religious materials he requested, that were then denied.

Plaintiff is informed that defendants are not responsible for duplicating every religious benefit provided to other religions so that all religions are treated exactly the same.  As the Supreme Court stated in Cruz v. Beto, 405 U.S. 319, 322, n.2, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972):
> We do not suggest . . . that every religious sect or group within a prison-however few in number-must have identical facilities or personnel.  A special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of the demand.  But reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments without fear of penalty.

Application of the standard set forth in Cruz does not require "strict numerical analysis" or "create a system of ratios or quotas."  Thompson v. Commonwealth of Ky., 712 F.2d 1078, 1081 (6th Cir. 1983) (upholding grant of summary judgment on Muslim inmates' request for access to chapel comparable to Christian inmates).

Under the Cruz standard, described above, defendants must provide plaintiff a "reasonable opportunity" to practice his religion in a manner "comparable" to the other inmates.

The Religious Land Use and Institutionalized Persons Act of 2000 provides in part:
> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-

---

[1] The court understands from the allegations that these materials relate to holding study classes with others, and are not simply materials relevant to the personal practice of Buddhism.

> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.
>
> 42 U.S.C. § 2000cc-1.
>
> In the instant case, plaintiff has offered no facts that demonstrate his ability to practice or exercise his religion was burdened or he has been denied the ability to practice his religion. The allegations are far too vague to warrant preliminary injunctive relief. Therefore, this claim should also be denied.

March 30, 2011 Findings and Recommendations at 2-4, Doc. 74.

**Analysis**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a de novo review of this case.

In his objections, plaintiff seeks to alter his claims and add new allegations. It is within this court's discretion "not to consider evidence offered for the first time in a party's objections to a magistrate judge's proposed findings and recommendations..." Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004), citing Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002); see also, U.S. v. Howell, 231 F.3d 615, 622 (9th Cir. 2000). The Ninth Circuit has plainly stated that requiring the district judge to consider evidence not previously set before the magistrate judge "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." U.S. v. Howell, 231 F.3d at 622.

> Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to ... wait to see which way the wind was blowing, and - having received an unfavorable recommendation - shift gears before the district judge.

Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Elec. Co., et al., 840 F.2d 985, 991 (9th Cir. 1988).

Plaintiff is a seriatim filer for preliminary injunctive relief. The exhibit he proposes (a jail grievance requesting to be permitted to have a Buddha altar and extra fruit in his

3

1 cell) post-dates the initial filing for injunctive relief in this generation of filings, and appears to
2 simply be a made-for-litigation artifice to enhance what was clearly an insufficient prior showing
3 before.  Therefore, the court will not consider the new allegations, and rejects the objections on
4 that basis.
5         With regard to plaintiff's claim for Buddhism study classes, plaintiff argues that
6 prior motions and complaints that were dismissed over the last two years contain sufficient
7 allegations in support.  The court reviewed plaintiff's motion for a temporary restraining order,
8 but does not have to review every filing that plaintiff has filed to seek out facts in support.
9 Plaintiff cites to his first amended complaint (Doc. 13) and an allegation that there were
10 Buddhism study classes in 2003.  That other prisoners may have wanted group study classes in
11 2003 does not support a claim that there are prisoners who want group study classes eight years
12 later for purposes of preliminary injunctive relief.  Also, due to plaintiff's request this case now
13 proceeds on the second amended complaint, not the first amended complaint.  Plaintiff also cites
14 to his motion for class certification.  However, that motion was denied because plaintiff had not
15 set forth any information concerning others who sought to participate in group study classes.
16 Doc. 50.  While plaintiff states group study classes are encouraged and required in Buddhism, the
17 court cannot force other prisoners to participate.
18         Having carefully reviewed the entire file, the Court finds the findings and
19 recommendations to be supported by the record and by proper analysis and to the extent plaintiff
20 has attempted to expand his claims with new allegations, the motion for a temporary restraining
21 order (preliminary injunction) is still denied.
22         Accordingly, IT IS HEREBY ORDERED that the findings and recommendations
23 filed March 30, 2011 (ECF No. 74), are ADOPTED and plaintiff's motion for a temporary
24 restraining order (preliminary injunction) (ECF No. 56) is DENIED in part, in that the claims
25 ///
26 ///

1 regarding the Buddha altar and Buddhism study classes are denied and to the extent plaintiff has
2 attempted to expand his claims in his objections, the claims are still denied.[2]

3  Dated: April 21, 2011

5  MORRISON C. ENGLAND, JR.
6  UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's claims about dental treatment remain pending.

5