IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MADY CHAN,

    Plaintiff,                                No. CIV S-09-2006 MCE GGH P

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.
                                                 <u>ORDER</u>

I. <u>Introduction</u>

        Plaintiff is a prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  On March 30, 2011, the undersigned began looking for an independent dentist to review the records in this case and provide a report to the court.  On April 21, 2011, defendants provided a copy of plaintiff's dental records.  The court has retained the services of Dr. William Couch to review the records provided.

        Dr. Couch shall provide a written report to the court discussing if the dental care that plaintiff received violated the Eighth Amendment bar on cruel and unusual punishment.  The legal standard to guide Dr. Couch is set forth below.

        Plaintiff has been incarcerated in the Sacramento County jail since 2001 and states that he has been seen by dentists at that facility no less than 40 times.  Plaintiff states that he has

1

been provided temporary fillings and as a result, seven of his teeth have been extracted. Plaintiff alleges that the extracted teeth were caused by the use of the temporary fillings, and he should have received permanent fillings. Plaintiff also states that his request for dentures to help him chew food has been denied.

Defendants counter that the cause for plaintiff's extracted teeth was not due to temporary fillings but plaintiff's failure to maintain good oral hygiene. Defendants also state that plaintiff does not require dentures as he has 18 of his 28 teeth, with which to chew his food.

II. Eighth Amendment Legal Standard

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 6 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

\\\\

1  In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court defined a very
2  strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of
3  course, negligence is insufficient.  Farmer, 511 U.S. at 835.  However, even civil recklessness
4  (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should
5  be known) is insufficient.  Id. at 836-37.  Nor is it sufficient that a reasonable person would have
6  known of the risk or that a defendant should have known of the risk.  Id. at 842.

7  It is nothing less than recklessness in the criminal sense – subjective standard –
8  disregard of a risk of harm of which the actor is actually aware.  Id. at 837-42.  "[T]he official
9  must both be aware of facts from which the inference could be drawn that a substantial risk of
10 serious harm exists, and he must also draw the inference."  Id. at 837.  Thus, a defendant is liable
11 if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by
12 failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official acted
13 or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  If the risk
14 was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42.
15 However, obviousness per se will not impart knowledge as a matter of law.

16 Also significant to the analysis is the well established principle that mere
17 differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth
18 Amendment violation.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v.
19 Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  However, a physician need not fail to treat an
20 inmate altogether in order to violate that inmate's Eighth Amendment rights.  Ortiz v. City of
21 Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical
22 condition, even if some treatment is prescribed, may constitute deliberate indifference in a
23 particular case.  Id.

24 Additionally, mere delay in medical treatment without more is insufficient to state
25 a claim of deliberate medical indifference.  Shapley v. Nevada Bd. of State Prison Com'rs, 766
26 F.2d 404, 407 (9th Cir. 1985).  Although the delay in medical treatment must be harmful, there is

3

no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060, citing Wood v. Housewright, 900 F.2d 1332, 1339-40 (9th Cir. 1990). A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. McGuckin, 974 F.2d at 1060. In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." Id. at 1061.

The dispositive question is ultimately not what was the most appropriate course of treatment for plaintiff, but whether the failure to timely give a certain type of treatment was, in essence, totally unwarranted.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court send the records to Dr. William Couch at an address that will be provided separately;

2. Dr. Couch shall provide a written report to the court within 28 days, discussing if the dental care that plaintiff received violated the Eighth Amendment bar on cruel and unusual punishment. Dr. Couch shall send the report to United States District Court, Judge Gregory Hollows, 501 I Street, Sacramento, CA 95814.

DATED: May 17, 2011

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH: AB
chan2006.ord6

4