IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MADY CHAN,

    Plaintiff,                  No. CIV S-09-2006 MCE GGH P

   vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.          FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On June 3, 2011, Dr Couch provided a detailed report regarding the dental care plaintiff received at Sacramento County Main Jail (SCMJ) with respect to plaintiff's motion for a preliminary injunction (regarding dental care). The undersigned ordered both parties to file briefing in regards to the report and address the degree to which the jail's dental facility only provides emergency care instead of comprehensive care, and whether an emergency only dental facility comports with the consent decree in <u>Kaiser v. County of Sacramento</u>, CIV S-91-0300 GGH. Both parties have timely filed briefing.

       <u>Preliminary Injunction</u>

       "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

1

in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 374 (2008). The "serious questions" on the merits test survives, but requires an even clearer showing of irreparable harm and hardship if a preliminary injunction were not to be granted. Alliance for the Wild Rockies, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff's complaint alleged the SCMJ dental department was deliberately indifferent to his serious dental needs that has led to seven extracted teeth. In his motion for a preliminary injunction plaintiff requested that he receive permanent fillings instead of temporary fillings, as he believed this was the cause of his dental problems and that he needed dentures. Dr. Couch stated the following:

> Over the ten year span of the treatment record 13 teeth received treatment. Every diagnosis involved extensive decay which either made the tooth non-restorable and had to be extracted or the decay was so extensive that it infected the nerve thus necessitating a pulpectomy (a mechanical removal of the nerve or in other words the initial step in root canal therapy). The other procedure performed over the years was called "carries control." This is where the decay is so deep that it is deemed close to exposing the nerve or causing the nerve to be inflamed. Caries control is emergency treatment to arrest the progression of decay until such time allows in the future to arrest the progression of decay until such time allows in the future to provide a more definitive restoration.

Report (Doc. 81) at 1-2.

Dr. Couch further stated that the use of temporary fillings was not negatively affecting plaintiff's dental health and the dentists did not violate the Eighth Amendment with respect to providing the limited amount of care it appears they had the ability to provide. Defendant cites to these statements and then concludes that the preliminary injunction must be

denied. Yet, the report contains additional information and after reviewing the entire report from Dr. Couch, it is clear that defendants are missing the point, perhaps on purpose. Dr Couch continued:

> The pulpectomy is the initial step in performing a root canal. Many times a dentist will do the pulpectomy to remove the inflamed and infected nerve to relieve the pain and swelling. The canals of the roots are left clean and dry if there is no time to complete the root canal or if it is a procedure that the dentist does not do and needs referral to a specialist . . .

Report at 2.

While permanent fillings were not initially required in these circumstances, that is not the end of the analysis. It appears temporary fillings were used, because the jail's dentists performed the pulpectomies and then planned on someone else proceeding to the next step and performing the actual root canal *and then* providing permanent fillings.

> Therefore, if pulpectomies are the only service that the jail dental clinic performs then it stands to reason they will only place IRM [the temporary] filling material since the tooth has to be reentered in the future.

Report at 2.

Permanent fillings are to be used after a root canal in plaintiff's circumstances. As plaintiff did not receive a root canal, it would make no sense to provide permanent fillings, as Dr. Couch stated, "[p]lacing a permanent restoration [filling] puts the 'cart before the horse' so to speak." While plaintiff's request for permanent fillings at this stage would be premature, the vital issue is that plaintiff has not received root canal treatment to necessitate permanent fillings.

It is abundantly clear from the jail records and the report that plaintiff should have received a root canal and then permanent fillings, but never did. Defendants chose not to address this issue, when the court requested briefing. However, the dental records contain multiple notes from the jail's dentists stating that plaintiff needs a root canal with respect to various teeth. Plaintiff has been incarcerated in SCMJ for approximately 10 years and remains housed at that facility and this is not a situation where there was one isolated appointment where plaintiff was told he needed a root canal. In April 2003, plaintiff was advised he needed a root canal. In

1  March 2006, plaintiff was advised to get a root canal as soon as possible.  Plaintiff was also told
2  he should get a root canal on August 2008, July 2009 and December 2009.  It is not clear why
3  plaintiff never received a root canal at SCMJ or why he was not sent to an outside dentist to
4  receive a root canal that the jail's dentists believed was so important.

5  It is difficult to fault plaintiff for failing to follow the dental advice and obtain a
6  root canal as he is incarcerated and cannot simply make an appointment at another dental office.[1]
7  Dr. Couch opined, as he was not aware of the mission statement of SCMJ, that the jail was only
8  able, and he noted, proficient, at "putting out fires" that arose with plaintiff's dental needs, but
9  failed to implement a comprehensive treatment plan.  While jail dentists may have excelled at
10 putting out fires, and while normally that may be the only requirement as it seems the jail's
11 population is highly transitory and a prisoner can receive more dental work after they leave, but
12 see reference to the Kaiser consent decree below,  plaintiff has been at the facility for
13 approximately 10 years, has been suffering numerous dental problems over that span of time, and
14 is clearly in need of more comprehensive treatment.  Plaintiff has lost numerous teeth over this
15 period of time to the point where he may well need dentures.  Defendants have failed to provide
16 this required treatment.  While defendants have not caused plaintiff to be housed in the jail for 10
17 years, defendants still must treat him.

18 The jail's dentists have repeatedly emphasized that plaintiff needs a root canal
19 with respect to many teeth, but for whatever reason have failed to provide a root canal.  It is
20 therefore evident that plaintiff is likely to succeed on the merits and will likely suffer irreparable
21 harm in the absence of preliminary relief.  Defendants do not claim hardships in supplying
22 treatment, nor could they given their stipulated agreement to the contrary.  See discussion of the
23 Kaiser consent decree.  Of course, adequate medical treatment of prisoners is in the public
24 interest.  Based on the record, it is likely that defendants will keep recommending that plaintiff

---

[1] It should be noted that on October 2006, plaintiff refused to have a tooth pulled as it appears he thought he would be transferred to a prison where he would receive a root canal.

4

receive a root canal, but not provide him with this treatment, which will result in more extracted teeth.

The Kaiser Consent Decree in Kaiser v. County of Sacramento, No. CIV S-91-0300 GGH, states that:

> Dental services shall be provided at the Main Jail and Rio Cosumnes Correctional Center, eight hours per day, five days per week at each facility. Permanent fillings and dentures shall be provided when, in the opinion of the treating dentist assigned by the Defendants to perform dental services, such services are necessary to treat the inmate's serious dental needs while incarcerated.[2]

Defendants argue that their chief dentist has already opined that it is not medically necessary for plaintiff to have permanent fillings. Doc. 70, Beach Decl. ¶ 67. Yet, defendants do not address that plaintiff's other treating dentists at SCMJ have repeatedly recommended that plaintiff receive a root canal which would then necessitate permanent fillings. That a permanent filling will only be necessary if plaintiff undergoes a root canal, and the jail will not perform a root canal, thereby negating the need for a permanent filling, probably runs afoul of the Eighth Amendment (as well as the Kaiser Consent Decree), as it is clear from the SCMJ dental records that plaintiff requires a root canal. It also runs afoul of common sense to believe that temporary fillings can forever take the place of permanent fillings.

With respect to plaintiff's request for dentures, plaintiff's initial argument is simply that he needs dentures in order to eat, though there is no indication that plaintiff is malnourished or his health is in danger.[3] Defendant responded that plaintiff had the option of requesting a special diet, but plaintiff has not availed himself of that opportunity. Plaintiff replied somewhat confusingly that he chose a special diet but then cancelled it, as it was no

---

[2] Kaiser v. County of Sacramento et al, was a class action case presided over by the undersigned. Plaintiffs therein had alleged violations of the Eighth Amendment, including *inter alia*, poor dental care. The County stipulated to a consent decree. Plaintiff herein has not specifically moved to enforce the decree; however, the decree is relevant to the remedy analysis as set forth in the text.

[3] Dr. Couch did not address the dentures issue in his report.

1  different. Plaintiff then refers to an exhibit (Doc. 73, Exh. F) that is illegible. However,
2  plaintiff's other exhibits annexed to Exhibit F, indicate that the jail has many dietary options if
3  plaintiff is having difficulty eating, but plaintiff will not try these various options.

4  This is a closer question than the root canals and permanent fillings. However,
5  the dentures issue is certainly one for which serious questions are raised. Defendants cannot
6  obviate a clear need for dentures by compelling plaintiff to eat less or differently. While a
7  change in diet in the short term may be efficacious, the period of time pertinent here is not the
8  "short term." The court must find that plaintiff will suffer irreparable harm from the lack of
9  dentures, and that the balance of hardships tips in his favor, but the remedy at this time is quite
10 circumscribed. See below.

11 The undersigned pauses to consider plaintiff's apparently, appalling dental
12 hygiene as referenced by defendants. Plaintiff's dental problems may well have commenced
13 with, and have been exacerbated by, very poor dental health habits. But just as defendants could
14 not fail to treat a lung cancer inmate because he has smoked, defendants cannot fail to provide
15 adequate treatment for plaintiff in the condition in which they find him – however he got there.
16 Where the issue of poor dental hygiene will primarily come into play will be a damages inquiry
17 should the case ever proceed to that level.

18 The undersigned is mindful of the limits on injunctive relief in prisoner cases, as
19 referenced previously. Therefore, the undersigned will not recommend specific dental
20 procedures to be performed. However, in the event an injunction is issued, defendants, should
21 forthwith send plaintiff to an independent, outside dentist(s), competent to perform root canals,
22 permanent fillings, and dentures, or have that person(s) come to the Main Jail facility, in order
23 that a thorough examination and expeditious treatment plan may be put in place and acted upon.
24 Forthwith means the dentist shall first see plaintiff no later than three weeks from the date any
25 injunction is issued by the district judge. Defendants shall reimburse this dentist for all
26 examinations and procedures which the dentist believes should be performed to meet an adequate

standard of care, including any dentures.

### Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief should be granted in that defendants should arrange an appointment with an outside dentist or facility where plaintiff should receive all necessary dental treatment as more fully set forth above. [4]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 5, 2011                    /s/ Gregory G. Hollows
                                        UNITED STATES MAGISTRATE JUDGE

GGH: AB
chan2006.tro2

---

[4] Plaintiff's non-dental requests for preliminary injunctive relief have been previously denied.